UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  Case No. 8:13-cr-609-T-33CPT

SILVIO SEGUNDO MICOLTA-SINISTERRA
_____/

**ORDER**

This cause is before the Court pursuant to Defendant Silvio Segundo Micolta-Sinisterra's Motion to Dismiss 21 U.S.C. Section 851 Information (Doc. # 143), which was filed on December 3, 2018. The Government filed a Response in Opposition (Doc. # 145) on December 6, 2018. The Court denies the Motion for the reasons stated below.

I.  **Background**

Micolta-Sinisterra is a Colombian citizen. However, on February 13, 2001, he was sentenced to seventy-months imprisonment in the United States District Court for the Southern District of California for conspiracy to possess cocaine with intent to distribute on board a vessel subject to the jurisdiction of the United States, 46 U.S.C. § 1903(a),(c)(1)(B),(F) and (j). (Doc. # 143-1).

After completing his term of incarceration, Micolta-Sinisterra was deported to Colombia. Then, on December 13,

1

2013, Micolta-Sinisterra was charged with two counts of conspiracy in the present case: conspiracy to distribute 5 kilograms of cocaine and intending that the cocaine be imported into the United States in violation of 21 U.S.C. § 959 and conspiracy to possess with intent to distribute 5 kilograms of cocaine while on board a vessel subject to the jurisdiction of the United States in violation of 46 U.S.C. § 70503(a) and (b). (<u>Id.</u> at 1).

On February 29, 2016, the Government requested the provisional arrest of Micolta-Sinisterra for extradition on the December 18, 2013, Indictment. Micolta-Sinisterra was arrested by Colombian National Police on May 17, 2016. Thereafter, on July 15, 2016, the U.S. Embassy issued a formal request to extradite Micolta-Sinisterra on the Indictment. The Colombian Government issued Executive Order No. 297 on October 26, 2016 (later ratified by Executive Order No. 027 on January 12, 2017), approving extradition under the following conditions and pursuant to Colombian Law:

> ARTICLE ONE: to grant the extradition of Colombian citizen SILVIO SEGUNDO MICOLTA SINISTERRA . . . to appear at trial before the United States authorities to stand trial for the following charges:
> Count One: conspiracy to distribute five kilograms or more of cocaine, knowing and intending that said cocaine could be illegally imported into the United States; and,

>     Count Two: conspiracy to possess five kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States.
>     The charges above are listed in Indictment No. 8:13-cr-609-T-26TBM . . . .
>     ARTICLE TWO: to order the transfer of SILVIO SEGUNDO MICOLTA SINISTERRA to the requesting State which shall undertake to fully comply with the conditions set forth in [Colombian Laws] which establish that the extradited individual will not be subjected to forced disappearance, torture, inhumane, degrading or cruel punishment or treatment; nor be sentenced to exile, **life imprisonment** or confiscation.
>     ARTICLE THREE: to inform the requesting State that the extradited citizen **may not be tried or sentenced for an earlier crime other than that which motivates this extradition**, pursuant to [Colombian Law]. Likewise, it is also stipulated that no facts or material evidence prior to December 17, 1997, may be included.

(Id. at 17-18)(emphasis added).

Micolta-Sinisterra made his initial appearance in this case in this Court on April 28, 2017, and he has remained detained pending trial. (Doc. ## 31, 34). Micolta-Sinisterra was poised to enter into an open plea to Counts 1 and 2 of the Indictment in this Court. However, the Government objected. On January 17, 2018, relying on Micolta-Sinisterra's 2001 conviction, the Government filed an Information and Notice of Prior Convictions pursuant to 21 U.S.C. § 851 and § 906(b)(1)(B)(ii). (Doc. # 68). The Government amended its Information and Notice of Prior Convictions on February 8, 2018. (Doc. # 79). The Government's Notices explain that

Micolta-Sinisterra is subject to a twenty-year mandatory minimum sentence.

By the present Motion, Micolta-Sinisterra argues that the Amended Information and Notice of Prior Conviction (Doc. # 79) violates the Extradition Agreement because it effectively constitutes a life sentence, in violation of Article Two of Executive Order No. 297. (Doc. # 143). In addition, Micolta-Sinisterra asserts that the Notice of 851 Enhancement charges him with conduct not contemplated by the Extradition and was not disclosed to Colombian authorities during the extradition process. (Id.). The Court will address these concerns below.

II. **Analysis**

"Extradition is the surrender by one nation to another of an individual accused or convicted of an offense outside of its own territory, and within the territorial jurisdiction of the other, which, being competent to try and punish him, demands the surrender." United States v. Puentes, 50 F.3d 1567, 1572 (11th Cir. 1995)(internal citation omitted). In Puentes, the court explained: "Under the doctrine of specialty, a nation that receives a criminal defendant pursuant to an extradition treaty may try the defendant only for those offenses which the other nation granted extradition." Id. Here, Defendant identifies two "governing

4

treaties:" the United Nations Convention against Illicit Traffic in Narcotic Drugs and Psychotropic Substances and the United Nations Convention Against Transnational Organized Crime. (Doc. # 143 at 5).

In United States v. Garcia, 208 F.3d 1258, 1261 (11th Cir. 2000), the court explained: "The doctrine of speciality, as interpreted in our law, does not call for the extradition crime to be handled in a vacuum, in any of its phases." And, thus: "the doctrine of speciality does not restrict the scope of proof of other crimes that may be considered in the sentencing process." Id. Furthermore, the court remarked: "The distinction is thus drawn between proof of other crimes as a matter germane to the determination of punishment for the extradited crime and proof of other crimes in order to exact punishment for those other crimes. Only the latter course is forbidden by the doctrine of speciality." Id. Based on the Eleventh Circuit's guidance in Garcia, the Court agrees with the Government that considering prior crimes in the sentencing phase is not a violation of the rule of speciality and does not violate the extradition agreement.

The Court also finds against Micolta-Sinisterra on the argument that a twenty-year sentence is a life sentence. In United States v. Mangarella, 489 F. App'x 648, 652 (4th Cir.

2012), an extradited citizen of Costa Rica claimed that a 350-month sentence violated the doctrine of speciality because his extradition agreement with Costa Rica prohibited a sentence that would require the defendant to spend the rest of his life in jail. The Fourth Circuit found that the sentence imposed, which would result in the defendant being released from incarceration in his seventies, did not violate the doctrine of speciality. Id. at 653. The same holds true here.

Finally, Micolta-Sinisterra claims that the filing of the Amended Information and Notice of Prior Convictions "was a breach of the letter and spirit of the Extradition Orders" and that "the spirit and intent of Colombia's Executive Order was to both cooperate with the United States and mitigate and limit maximum punishment for Sinisterra." (Doc. # 143 at 9-10). In United States v. Lazarevich, 147 F.3d 1061 (9th Cir. 1998), the court rejected a similar argument. There, Lavzarevich abducted his children in 1989 after a California court awarded his wife custody of the children. Id. at 1062. He traveled to Serbia with the kids and, for a period of six years, refused to turn them over to their mother. Id. Eventually, he agreed to relinquish the children to their mother, and Lavzarevich was extradited to the United States from the Netherlands. Id. Dutch officials apprehended

Lavzarevich while he was traveling in the Netherlands. Id. Dutch officials granted extradition on charges that Lavzarevich falsified passport applications for his children, but denied extradition for child abduction charges, reasoning that Lavzarevich had already been tried and convicted on similar charges in the Court of Belgrade in 1992. Id. at 1062-63.

After being tried in the United States for making false statements on passport applications, he was found guilty. Id. at 1063. During sentencing, the court departed upward, sentencing him to twenty-four months imprisonment, after considering Lavzarevich's foreign conviction for child abduction. Id. Specifically, his criminal history category was increased from level I to level II. Id. On appeal, Lavzarevich argued: "the sentence punishes him for abducting his children and therefore violates the extradition treaty between the United States and the Netherlands. The treaty prohibits punishment for non-extradited offenses." Id.

The sentence was affirmed, and the court explained: "The Supreme Court has held that the use of evidence of related criminal conduct to enhance a defendant's sentence for a separate crime within the authorized statutory limits does not constitute punishment." Id. at 1063-64 (citing Witte v. United

States, 515 U.S. 389, 399 (1995)). The court also noted: "Given the long history of consideration of relevant evidence - including other criminal behavior, the Sentencing Guidelines' clear mandate of such consideration, and Supreme Court precedent, we conclude that the Treaty and extradition agreement contemplated consideration of relevant offenses." Lavzarevich, 147 F.3d at 1064. The Fifth Circuit has similarly reasoned that "the doctrine of speciality is not offended by the Sentencing Guideline's consideration of non-extradited relevant conduct during the punishment of an extradited offense." United States v. Angleton, 201 F. App'x 238, 244 (5th Cir. 2006). Accordingly, and after careful consideration, the Court denies the Motion.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Defendant Silvio Segundo Micolta-Sinisterra's Motion to Dismiss 21 U.S.C. Section 851 Information (Doc. # 143) is **DENIED.**

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 19th day of December, 2018.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE